UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUTA SINGH,<br><br>    Plaintiff,<br><br>    v.<br><br>HARMINDER S. POONI, RAVINDER KAUR, and PAN-AM TRANSPORT, INC., a Kansas Corporation,<br><br>    Defendants. | No.  2:14-cv-02146 JAM DAD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO QUASH THE WRIT OF POSSESSION** |

Defendants Harminder Pooni, Ravinder Kaur, and Pan-Am Transport, Inc.'s ("Defendants") move to quash (Doc. #13) the writ of possession issued by this Court on October 8, 2014 (Doc. #8).  Plaintiff Buta Singh ("Plaintiff") opposes the motion (Doc. #15).  For the following reasons, Defendants' motion is DENIED. [1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This matter arises out of the disputed ownership of a 2005

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 17, 2014.

1

1  Hummer H2. Compl. ¶ 2. Defendant Pooni claims that he bought
2  the vehicle from Plaintiff for $17,000. Mot. at 1. Plaintiff
3  claims that he entrusted the vehicle to Defendant Pooni, who
4  promised to broker a sale on Plaintiff's behalf. Compl. ¶ 5.
5  Plaintiff argues that Defendant Pooni reneged on the deal, and is
6  now improperly claiming ownership of the vehicle. Compl. ¶ 7.
7       Plaintiff filed a complaint with this Court, alleging
8  conversion, theft by false pretenses, breach of contract, and
9  unfair business practices. Along with the complaint, Plaintiff
10 filed an ex parte application for a writ of possession. This
11 Court granted Plaintiff's application, finding that the necessary
12 criteria for an ex parte writ of possession had been satisfied.
13 In response, Defendants filed the motion to quash presently
14 before the Court.
15
16                         II.   OPINION
17      A.   Evidentiary Objections
18      Defendants make a number of evidentiary objections (Doc.
19 #16-3) to the declarations of Plaintiff and Plaintiff's counsel.
20 In a preliminary matter such as this, such objections are
21 premature and are better saved for argument within the briefs.
22 See Burch v. Regents of Univ. of California, 433 F. Supp. 2d
23 1110, 1119 (E.D. Cal. 2006). In addition, in ruling on
24 preliminary matters, the Court engages in self-policing, and does
25 not rely on irrelevant or improper evidence. Moreover, as
26 discussed below, the lion's share of the objected-to testimony
27 does not address issues relevant to the Court's decision.
28

                                2

1        B.    Discussion

         Defendants argue that the writ of possession should be quashed for a number of reasons.  First, Defendants argue that "Plaintiff's counsel overreache[d] in his letter to Mr. Pooni" by threatening criminal sanctions in relation to this lawsuit.  Mot. at 4.  Next, Defendants argue that the vehicle was "not obtained in the regular course of business or for commercial purposes," such that the requirements of CCP § 512.020 are not satisfied.  Mot. at 4.  Finally, Defendants argue that Defendants Ravinder Kaur and Pan Am Transport were deprived of "due process and notice of their rights" because Plaintiff failed to serve them, or their attorney, with a copy of the ex parte application for a writ of possession, or a copy of the Court's order granting the same.  Mot. at 5.

         Plaintiff responds with two arguments.  First, he contends that "the court's determination in issuing the writ must not be disturbed under the exclusionary rule."  Opp. at 3 (citing <u>Franks v. Delaware</u>, 438 U.S. 154 (1978)).  Second, he argues that Defendants "sat on their rights" by failing to oppose Plaintiff's ex parte application for the writ, and should therefore be barred from "relitigating" the issues under the doctrines of laches and collateral estoppel.  Opp. at 3, 6.   Plaintiff also attacks the credibility of Defendant Pooni and argues that his version of events does not make sense.  Opp. at 5, 7.

         1.    Legal Framework

         California Code of Civil Procedure ("CCP") § 512 governs the issuance of a writ of possession.  A writ of possession may be issued upon a plaintiff's showing that (1) "the plaintiff is

3

entitled to possession of the property claimed;" and (2) "the property is wrongfully detained by the defendant." Cal. Civ. Proc. Code § 512.010(b). Generally, a writ of possession may only be issued after a hearing on a noticed motion. Cal. Civ. Proc. Code § 512.020(a). However, "a writ of possession may be issued ex parte . . . if probable cause appears that . . . (1) "the defendant acquired possession of the property in the ordinary course of his trade or business for commercial purposes;" (2)"the property is not necessary for the support of the defendant or his family;" (3) there is an "immediate danger" that the property will become unavailable to levy; and (4) "the ex parte issuance of the writ is necessary to protect the property." Cal. Civ. Proc. Code § 512.020(b)(3). This Court's October 8, 2014 Order found that Plaintiff had complied with these additional requirements for an ex parte issuance of the writ. These additional requirements do not apply outside the context of an ex parte issuance of the writ, and – given the statutory scheme – the additional requirements are moot once the defendant has been given an opportunity to respond. The Court may, therefore, only grant Defendants' motion to quash if "it determines that the plaintiff is not entitled to a writ of possession." Cal. Civ. Proc. Code § 512.020.

   2.   <u>Analysis</u>

In light of the foregoing statutory framework, the parties' focus on the issue of whether Defendant Pooni acquired the vehicle in the ordinary course of business for commercial purposes is misplaced. Mot. at 4; Opp. at 5; Reply at 1. Although that issue was certainly relevant in the *ex parte*

4

1   issuance of the writ, it is no longer relevant, as Defendants
2   have now had an opportunity to respond and be heard on the
3   matter, through their motion to quash.  Rather, the only issue
4   before the Court on Defendants' motion is whether Plaintiff is
5   "entitled to a writ of possession:" i.e. whether Plaintiff is
6   entitled to possession of the vehicle, and whether the vehicle
7   has been wrongfully detained by Defendants.  Cal. Civ. Proc. Code
8   § 512.020; Cal. Civ. Proc. Code § 512.010(b).  The Court finds
9   that Defendants' argument that Defendant Pooni had bought the
10  vehicle for personal, non-commercial use is immaterial to the
11  Court's decision on this motion to quash.
12       The Court also does not find persuasive Defendants' argument
13  that "neither Defendants Ravinder Kaur, Pan Am Transport, Inc.
14  nor counsel were served the application [for the writ of
15  possession] or order granting the application."  Mot. at 5. It is
16  true that, when a writ of possession has been issued ex parte,
17  CCP § 512.020 directs that "a copy of the summons and complaint,
18  a copy of the application and any affidavit in support thereof,
19  and a notice . . . inform[ing] the defendant of his rights . . .
20  shall be served on the defendant."  In this case, Defendant Pooni
21  was properly served with the summons, complaint, and all ex parte
22  filings.  Bolanos Declaration Re: Service of Process (Doc. #7).
23  Defendants claim that Defendant Kaur and Defendant Pan Am
24  Transport were never served with the ex parte filings.  Mot. at
25  5.  On October 3, 2014 – 5 days prior to the Court's issuance of
26  the writ of possession – Mr. Hanecak informed Plaintiff's counsel
27  that he represented all three Defendants in this case, and that
28  Defendant Kaur and Defendant Pan Am Transport were willing to

1  waive service of the summons and complaint.  Hanecak Declaration
2  ¶ 3.  Defendants contend that such waiver did not encompass the
3  service of the ex parte filings, mandatory under CCP § 512.020.
4  Given the circumstances and Defendants' failure to cite any legal
5  authority on the issue, quashing the writ due to Plaintiff's
6  technical failure to comply with the service requirements of CCP
7  § 512.020 elevates form over function.  The purpose of the
8  service requirement is to provide all parties with notice and the
9  opportunity to respond to an order granting the writ of
10 possession.  Here, all Defendants are represented by Mr. Hanecak,
11 and all Defendants have had the opportunity to respond, through
12 their motion to quash.  Moreover, Defendant Kaur and Defendant
13 Pan Am Transport had constructive access to the ex parte filings,
14 through Mr. Hanecak (who had access to the CM/ECF filing system)
15 and Defendant Pooni (who was properly served with the ex parte
16 filings).  The Court can discern no prejudice from Plaintiff's
17 technical failure, and declines to grant Defendants' motion to
18 quash on this ground alone.
19      Finally, Defendants' argument that Plaintiff's counsel
20 ethically "overreached" does not address the issue at bar:
21 whether Plaintiff is "entitled" to the writ of possession.  Mot.
22 at 4; Reply at 5.  A motion to quash is not the proper procedural
23 vehicle for Defendants' complaints, and Plaintiff's counsel's
24 conduct is not germane to the issue at hand.
25      The Court notes that it did not find persuasive and did not
26 rely on Plaintiff's arguments concerning <u>Franks</u> and the
27 exclusionary rule, the doctrine of laches, or the doctrine of
28 collateral estoppel.  For reasons that should be clear, <u>Franks v.</u>

Delaware – a case concerning constitutional criminal law and the Fourth Amendment – has no applicability in the present civil matter. Franks v. Delaware, 438 U.S. 154 (1978). Moreover, Plaintiff's contention that Defendants "sat on their rights" by failing to oppose the ex parte application for a writ of possession belies a misunderstanding of the nature of an ex parte proceeding. By definition, an ex parte application does not invite a response from the opposing party. Therefore, it cannot be said, whether through the doctrine of laches or collateral estoppel, that Defendants have forfeited their opportunity to respond. Indeed, CCP § 512.020 expressly provides that a motion to quash is the proper response to a writ of possession issued ex parte.

While the parties continue to hotly dispute the issue of the vehicle's proper ownership, Defendants have quite simply failed to make direct and germane arguments which persuade this Court at this early stage of the proceedings that Plaintiff is not entitled to the writ of possession, under CCP § 512.010(b). Accordingly, the Court declines to disturb its previous findings in its October 8, 2014 Order and Defendants' motion to quash is DENIED.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Quash:

IT IS SO ORDERED.

Dated: January 6, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE