UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUTA SINGH,<br><br>Plaintiff,<br><br>v.<br><br>HARMINDER S. POONI, RAVINDER KAUR, and PAN-AM TRANSPORT, INC., a Kansas corporation,<br><br>Defendants. | No. 2:14-cv-02146 JAM DAD<br><br>**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS** |

Defendants Harminder Pooni ("Defendant Pooni"), Ravinder Kaur Kalarai ("Defendant Kaur"), and Pan-Am Transport, Inc. ("Defendant Pan-Am") (collectively, "Defendants") move to dismiss (Doc. #18) Plaintiff Buta Singh's ("Plaintiff") complaint (Doc. #2). Plaintiff opposes Defendants' motion (Doc. #22) and Defendants filed a reply (Doc. #25). For the following reasons, Defendants' motion is granted in part and denied in part.[1]

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 11, 2015.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In 2012, Plaintiff purchased a 2005 Hummer H2. Compl. ¶ 4. Over the next two years, he made a number of modifications to the vehicle, including the installation of a $10,000 sound system and a conversion to right-hand drive. Compl. ¶ 4. Plaintiff alleges that "the purpose of these upgrades was to increase its market value in the European and Indian markets." Compl. ¶ 4.

In June 2014, Plaintiff and Defendant Pooni "agreed that Pooni would broker the sale of the vehicle on behalf of [Plaintiff.]" Compl. ¶ 5. They agreed that Plaintiff would pay Defendant Pooni a commission of approximately $35,000 for a successful sale. Compl. ¶ 5. Plaintiff agreed to give Defendant Pooni possession of the vehicle and partially complete the bill of sale, to facilitate the eventual sale of the Hummer. Compl. ¶ 5. Over the next few months, Defendant Pooni allegedly "made repeated false representations that he was actively engaged in attempting to locate a buyer for the vehicle." Compl. ¶ 6.

Plaintiff alleges that Defendant Pooni and his daughter (erroneously identified as Pooni's wife in the complaint), Defendant Kaur, "illicitly transferred title into their own name in the State of Kansas." Compl. ¶ 6. He further alleges that Defendant Pooni and Defendant Kaur "fraudulently and illicitly completed the bill of sale document . . . to indicate they themselves were the buyers, and that the purchase price was seventeen thousand dollars in cash," despite the fact that "no cash ever changed hands." Compl. ¶ 7.

Plaintiff alleges that Defendant Pooni "is the majority shareholder" of Defendant Pan-Am, which is "an overland trucking company based in Shawnee, Kansas." Compl. ¶ 8.

On September 15, 2014, Plaintiff filed the complaint in this Court. The complaint includes the following causes of action: (1) unlawful conversion; (2) theft by false pretenses; (3) breach of contract; (4) unfair business practices in violation of the California Unfair Competition Law ("UCL"); and (5) claim and delivery. On September 16, 2014, Plaintiff filed an ex parte application for a writ of possession of the Hummer, which was subsequently granted by the Court.

## II. OPINION

### A. Judicial Notice

Defendants request that the Court take judicial notice (Doc. #19) of several documents which are already part of the record in this case: (1) the Complaint; (2) Plaintiff's declaration in support of his opposition to Defendants' motion to quash the writ of possession; (3) the exhibits to Plaintiff's declaration in support of his opposition to Defendants' motion to quash the writ of possession; and (4) Plaintiff's declaration in support of his application for a writ of possession. The Court notes that it can only take judicial notice of the existence of these documents, not the facts contained therein. Regardless, these documents are already on the docket in this case, and Defendants' request is DENIED as unnecessary.

B. Analysis

1. Personal Jurisdiction

Defendants argue that the Court does not have personal jurisdiction over Defendant Kaur or Defendant Pan-Am. Mot. at 3. Specifically, Defendants argue that neither Kaur nor Pan-Am purposely availed themselves of the benefits of the laws of California, such that personal jurisdiction over them does not exist. Mot. at 4-5. Plaintiff responds that both Kaur and Pan-Am are subject to personal jurisdiction in California because of their actions relating to the purported sale of the Hummer. Opp. at 6.

A federal district court has personal jurisdiction over a nonresident defendant in a diversity of citizenship case where (1) a state statute of the forum confers personal jurisdiction over the nonresident defendant and (2) the exercise of jurisdiction accords with federal constitutional principles of due process. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). With regard to the first requirement, section 410.10 of the California Code of Civil Procedure permits the exercise of jurisdiction to the extent authorized by the Constitution of the United States. Id. at 1392. With regard to the second, constitutional requirement, the "basic federal rule is that the defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 1392. The Ninth Circuit has adopted the following approach in determining whether specific personal jurisdiction exists over a defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.
>
> Id. at 1393.

Accordingly, Plaintiff must demonstrate that both Defendant Kaur and Defendant Pan-Am purposely availed themselves of the privilege of conducting activities in California, and that this matter arises out of that California-related activity. Plaintiff, as the party seeking to invoke federal jurisdiction, has the burden of establishing that personal jurisdiction over Defendants exists. Id at 1392. However, Plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

Although Plaintiff does not allege that Defendant Kaur accompanied her father to California, he alleges that she took the following actions in relation to the purported sale of the Hummer: (1) Defendant Kaur and Defendant Pooni "illicitly transferred title into their own name in the State of Kansas;" and (2) Defendant Kaur and Defendant Pooni "fraudulently and illicitly completed the bill of sale document . . . to indicate they themselves were the buyers[.]" Compl. ¶¶ 6-7. In support of these allegations, Plaintiff points to the purported Bill of Sale for the vehicle, which appears to list "Harminder S. Pooni and/or Ravinder Kaur Kalirai" as "Buyer." Bolanos Declaration,

Ex. 1. Plaintiff also points to the Kansas Certificate of Title, which lists "Ravinder Kalirai" as the "Transfer on Death Benefactor." Pooni Declaration, Ex. A. These allegations and the supporting documentation are sufficient to satisfy Plaintiff's prima facie burden. Despite the fact that Defendant Kaur did not speak with Plaintiff and did not travel to California, her status as a joint buyer of a California vehicle from a California seller – in a transfer that was initiated in California – constitutes a purposeful availment of the forum of California. As Plaintiff's claims arise from the disputed transfer of that vehicle, the Court has personal jurisdiction over Defendant Kaur and Defendants' motion to dismiss for lack of personal jurisdiction is DENIED, with regard to Defendant Kaur.

Conversely, Plaintiff fails to allege that Defendant Pan-Am, through an authorized agent, played any role in the transfer of the vehicle. Nor has Plaintiff submitted any documents to that effect. Although Plaintiff argues in his opposition that Defendant Pooni acted "in both his individual capacity and as the authorized agent of Pan-Am," he cites to an allegation in the complaint which makes no mention of Pooni as an authorized agent of Defendant Pan-Am. Opp. at 7 (citing Compl. ¶ 22). Other than conclusory allegations which mention Pan-Am along with both other defendants, the only portion of the complaint which directly relates to Defendant Pan-Am reads as follows:

> On information and belief, Pooni is the majority shareholder of a Kansas corporation called Pan-Am Transport, Inc. This is an overland trucking company based in Shawnee, Kansas. The entity owns trucks which could easily transport the subject vehicle

> across state lines and indeed out of the United States. Plaintiff Singh is informed and believes that the vehicle is located at Pan-Am's Shawnee headquarters.
>
> Compl. ¶ 8.

Notably absent from the complaint is any allegation that Defendant Pooni was acting as an authorized agent for Pan-Am when he spoke with Plaintiff Singh. Nor do Plaintiff's supporting documents suggest that Pan-Am played any significant role in the disputed transfer of the vehicle. Although Plaintiff argues that "the vehicle went to Pan-Am's address of record with the Kansas Secretary of State," this address also happens to be the residential address of Defendant Pooni. Opp. at 7; Bolanos Declaration, Ex. 6. Similarly, Plaintiff's reliance on a FedEx receipt listing "Panam Transport Inc." as the recipient of title-related documents does not demonstrate any meaningful participation by Pan-Am: it was Plaintiff who sent these documents and, again, the address is the same as Defendant Pooni's residential address. Bolanos Declaration, Ex. 2.

As Plaintiff has not put forth sufficient allegations or evidence that Defendant Pan-Am purposely availed itself of the forum of California, the Court does not have personal jurisdiction over Defendant Pan-Am and Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED WITH LEAVE TO AMEND, with regard to Defendant Pan-Am. See Chirila v. Conforte, 47 F. App'x 838, 843 (9th Cir. 2002).

2. Subject Matter Jurisdiction

Defendants next argue that the matter must be dismissed

because the Court lacks subject matter jurisdiction. Mot. at 6. Specifically, Defendants argue that diversity jurisdiction does not lie because the amount in controversy is less than $75,000. Mot. at 6. Plaintiff responds that the amount pled in the complaint - $80,000 – controls unless Defendants can prove “to a legal certainty” that the claim is actually for less than the jurisdictional threshold. Opp. at 4.

Where complete diversity exists and a plaintiff has expressly alleged damages that exceed the jurisdictional threshold, federal jurisdiction exists unless it appears “to a legal certainty” that the claim is actually for less than the amount pled. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996) (noting that the “legal certainty test is applicable in . . . cases . . . brought in federal court in which the plaintiff has filed a good faith complaint alleging damages in excess of the required jurisdictional minimum”). Here, Plaintiff has alleged that “the vehicle is reasonably valued in excess of seventy-five thousand dollars” and that he was “damaged in the amount of eighty thousand dollars.” Compl. ¶¶ 2, 8. Defendants must, therefore, show “to a legal certainty” that the value of the Hummer is less than $75,000.

Defendants make several arguments, all of which fail to meet the demanding “legal certainty” standard. First, Defendants argue that “the Kelley Blue Book value of a 2005 H2 Hummer with all available packages and amenities [and comparable mileage] is less than $30,000[.]” Mot. at 7. However, the vehicle at issue in this case differs significantly from the typical Hummer, in that it has been converted to right hand

drive. Missing from Defendants' argument is any showing that a comparable Hummer *with right hand drive* has a market value of well under $75,000. Although Defendants "submit that the right-hand drive conversion renders the vehicle less valuable and desirable," they offer no legal or evidentiary support for this conclusion. Mot. at 7. Similarly, Defendants' objections to the exhibits submitted by Plaintiff – although well-taken – are misplaced: the burden is on Defendants, not Plaintiff, to establish the value of the Hummer to a legal certainty. Reply at 1. Having failed to satisfy their burden of proof, the amount pled by Plaintiff controls and Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

3. Failure to State a Claim

Defendants argue that Plaintiff's fourth cause of action for violation of the UCL must be dismissed for failure to state a claim. Mot. at 7. Specifically, Defendants argue that, because the UCL claim is based in fraud, it must meet the heightened pleading standard of Rule 9(b). Mot. at 8. Plaintiff disputes the applicability of Rule 9(b), and also argues that the allegations in the complaint satisfy that heightened standard. Opp. at 8.

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud set forth the "who, what, when, where, and how" of the alleged misconduct. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). This heightened pleading standard does not only apply to claims for which fraud is an essential element. Id. at 1103. Rather, when a plaintiff "allege[s] a unified course of fraudulent conduct," that claim

"is said to be grounded in fraud or to sound in fraud, and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Id. at 1103-04. Generally, "a complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes . . . is insufficient." Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990).

Here, Plaintiff's fourth cause of action "sounds in fraud." Vess, 317 F.3d at 1106 The essential allegation is that "Defendants, and each of them, engaged in the unfair and deceptive business practice of holding themselves out as brokers of luxury and exotic vehicles, when in reality their intention was to co[n]vert the vehicles to their own uses. These actions are at the same time unlawful, unfair, and deceptive." Compl. ¶ 22. As Plaintiff has alleged a "unified course of fraudulent conduct," the heightened pleading standard of Rule 9(b) applies and Plaintiff must sufficiently allege the "who, what, when, where, and how" for each Defendant. As Defendant Pan-Am has been dismissed from this lawsuit for lack of personal jurisdiction, the Court must examine Plaintiff's UCL claim for the two remaining defendants: Defendant Pooni and Defendant Kaur.

Plaintiff alleges with adequate specificity the fraudulent conduct of Defendant Pooni. He alleges that, in June 2014, he and Pooni "agreed that Pooni would broker the sale of the vehicle on [Plaintiff's] behalf." Compl. ¶ 5. In the following months "during subsequent telephone conversations," Defendant Pooni "made repeated false representations that he was actively engaged in attempting to locate a buyer for the vehicle."

Compl. ¶ 6. Plaintiff alleges that these representations were false because Defendant Pooni and Defendant Kaur "had already illicitly transferred title into their own name in the State of Kansas." These allegations describe the "who" (Defendant Pooni), the "what" (that he would serve as the broker in the sale of Plaintiff's vehicle), the "when" (June 2014 and the following months), the "where" (in California and Kansas), and the "how" (in person and in phone conversations) of the alleged fraud. Defendants' argument that Plaintiff does not "identify the fraudulent words that allegedly constituted the misrepresentation" is without merit. Plaintiff's UCL claim is alleged with sufficient particularity with regard to Defendant Pooni. Accordingly, Defendants' motion to dismiss Plaintiff's fourth cause of action is DENIED, to the extent that it is brought against Defendant Pooni.

Conversely, Plaintiff does not allege the fraudulent conduct of Defendant Kaur with adequate specificity. Unlike the allegations against Defendant Pooni, Plaintiff's allegations against Defendant Kaur are conclusory and run afoul of the rule against "lump[ing] together for pleading purposes" all defendants. Sears v. Likens, 912 F.2d at 893. For example, as quoted above, Plaintiff alleges that "Defendants, and each of them, engaged in the unfair and deceptive business practice of holding themselves out as brokers of luxury and exotic vehicles, when in reality their intention was to co[n]vert the vehicles to their own uses." Compl. ¶ 22. In the absence of specific allegations as to the fraudulent statements or misrepresentations made by Defendant Kaur, and the circumstances

surrounding those statements, Plaintiff has failed to adequately allege his UCL claim against this defendant. Defendants' motion to dismiss Plaintiff's fourth cause of action is GRANTED WITH LEAVE TO AMEND, to the extent it is brought against Defendant Kaur.

III. ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss Plaintiff's complaint for lack of personal jurisdiction, insofar as it is brought against Defendant Pan-Am, and DENIES Defendants' motion to dismiss for lack of personal jurisdiction, insofar as it is brought against Defendant Pooni and Defendant Kaur. The Court DENIES Defendants' motion to dismiss for lack of subject matter jurisdiction. The Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss Plaintiff's fourth cause of action, insofar as it is brought against Defendant Kaur, and DENIES Defendants' motion to dismiss Plaintiff's fourth cause of action, insofar as it is brought against Defendant Pooni.

Plaintiff's Amended Complaint must be filed within twenty (20) days from the date of this order. Defendants' responsive pleading is due within twenty (20) days thereafter. If Plaintiff elects not to file an Amended Complaint, the case will proceed consistent with this Order:

IT IS SO ORDERED.

Dated: March 6, 2015

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE