UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUTA SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>HARMINDER S. POONI, RAVINDER KAUR, and PAN-AM TRANSPORT, INC., a Kansas corporation,<br><br>        Defendants. | No.  2:14-cv-02146 JAM DAD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

   This matter is before the Court on Defendants Harminder Pooni, Ravinder Kaur, and Pan-Am Transport, Inc.'s ("Defendants") motion to dismiss (Doc. #30) Plaintiff Buta Singh's ("Plaintiff") first amended complaint ("FAC") (Doc. #29).  Plaintiff opposes Defendants' motion (Doc. #31) and Defendants filed a reply (Doc. #32).  For the following reasons, Defendants' motion is denied.[1]

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 17, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In 2012, Plaintiff purchased a 2005 Hummer H2.  FAC ¶ 4. Over the next two years, he made a number of modifications to the vehicle, including the installation of a $10,000 sound system and a conversion to right-hand drive.  FAC ¶ 4.  Plaintiff alleges that "the purpose of these upgrades was to increase its market value in the European and Indian markets."  FAC ¶ 4.

In June 2014, Plaintiff and Defendant Pooni "agreed that Pooni would broker the sale of the vehicle on behalf of [Plaintiff.]"  FAC ¶ 5.  In speaking with Plaintiff, Defendant Pooni "represented himself as an authorized agent of the corporation [Pan-Am Transport, Inc.] with authority to act on its behalf and bind the corporation to contracts, including shipping and transport agreements with respect to the purchase and sale of vehicles."  FAC ¶ 5.  Plaintiff and Defendant Pooni agreed that Plaintiff would pay Defendant Pooni a commission of approximately $35,000 for a successful sale.  FAC ¶ 5.  They also agreed that "Pooni would cause the transport of the vehicle to its new owner to occur through Pan-Am Transport, Inc., and that the transport of the vehicle by the corporate entity would be part of the commission paid to Pooni."  FAC ¶ 5.  Plaintiff agreed to give Defendant Pooni possession of the vehicle and partially complete the bill of sale, to facilitate the eventual sale of the Hummer. FAC ¶ 5.  Over the next few months, Defendant Pooni "made repeated false representations that he was actively engaged in attempting to locate a buyer for the vehicle."  FAC ¶ 6.

Plaintiff alleges that Defendant Pooni and his daughter, Defendant Kaur, "illicitly transferred title into their own name

2

in the State of Kansas." FAC ¶ 6. He further alleges that Defendant Pooni and Defendant Kaur "fraudulently and illicitly completed the bill of sale document . . . to indicate they themselves were the buyers, and that the purchase price was seventeen thousand dollars in cash," despite the fact that "no cash ever changed hands." FAC ¶ 7. For her part, Defendant Kaur "told Kansas vehicle registration authorities that she had purchased the vehicle, that she had paid cash, and that she was the rightful and lawful titled owner of the vehicle." FAC ¶ 7.

On September 15, 2014, Plaintiff filed the complaint in this Court. The following day, Plaintiff filed an ex parte application for a writ of possession of the Hummer, which was granted by the Court. On March 6, 2015, the Court granted, in part, Defendants' motion to dismiss Plaintiff's original complaint, but allowed Plaintiff leave to amend the complaint. On March 26, 2015, Plaintiff filed the FAC, which includes the following causes of action: (1) unlawful conversion; (2) theft by false pretenses; (3) breach of contract; (4) unfair business practices in violation of the California Unfair Competition Law ("UCL"); and (5) claim and delivery. On July 6, 2015, the Court ordered Plaintiff to show cause (Doc. #34) as to why the matter should not be dismissed for lack of subject matter jurisdiction, as the FAC did not specifically allege the state of incorporation and principal place of business of Defendant Pan-Am. On July 13, 2015, Plaintiff responded to this order (Doc. ##39, 40), and the issue of subject matter jurisdiction is discussed below.

///

///

II.   OPINION

A.   Judicial Notice

Defendants request that the Court take judicial notice (Doc. #30-2) of a document that is already part of the record in this case: namely, the Declaration of Ravinder Kalirai (identified in the FAC as Ravinder Kaur), submitted in support of Defendants' previous motion to dismiss. The Court notes that it can only take judicial notice of the existence of this document, not the facts contained therein. Regardless, this document is already on the docket in this case, and Defendants' request is DENIED as unnecessary.

Plaintiff also requests that the Court take judicial notice of three documents (Doc. #39), which he submitted in support of his response to the Court's order to show cause with regard to subject matter jurisdiction. Specifically, Plaintiff requests that the Court take judicial notice of the following three documents: (1) a "Business Entity Search" from the Kansas Secretary of State website; (2) the "2013 For-Profit Corporation Annual Report" for Pan-Am Transport, Inc.; and (3) the "For-Profit Articles of Incorporation" for Pan-Am Transport, Inc. As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). However, the Court may take judicial notice of "matters of public record," provided that they are not subject to reasonable dispute. Id. at 689. As the documents submitted by Plaintiff are publicly available on the Kansas Secretary of State's website, Plaintiff's request for judicial notice is GRANTED.

B.  <u>Discussion</u>

1.  <u>Personal Jurisdiction</u>

Defendants argue that the Court does not have personal jurisdiction over Defendant Kaur or Defendant Pan-Am.  Mot. at 3. Specifically, Defendants argue that neither Kaur nor Pan-Am purposely availed themselves of the benefits of the laws of California, such that personal jurisdiction over them does not exist.  Mot. at 6-7.  With regard to Defendant Kaur, Plaintiff argues that the Court has already rejected Defendants' argument as to the lack of personal jurisdiction in its March 6, 2015 Order.  Opp. at 5.  With regard to Defendant Pan-Am, Plaintiff argues that his amended complaint establishes that Pan-Am, through its authorized agent (Pooni), availed itself of the forum of California.  Opp. at 6.

A federal district court has personal jurisdiction over a nonresident defendant in a diversity of citizenship case where (1) a state statute of the forum confers personal jurisdiction over the nonresident defendant and (2) the exercise of jurisdiction accords with federal constitutional principles of due process.  <u>Flynt Distrib. Co. v. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 1984).  With regard to the first requirement, section 410.10 of the California Code of Civil Procedure permits the exercise of jurisdiction to the extent authorized by the Constitution of the United States.  <u>Id.</u> at 1392.  With regard to the second, constitutional requirement, the "basic federal rule is that the defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  <u>Id.</u>

at 1392.  The Ninth Circuit has adopted the following approach in determining whether specific personal jurisdiction exists over a defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

Id. at 1393.

Accordingly, Plaintiff must demonstrate that both Defendant Kaur and Defendant Pan-Am purposely availed themselves of the privilege of conducting activities in California, and that this matter arises out of that California-related activity. Plaintiff, as the party seeking to invoke federal jurisdiction, has the burden of establishing that personal jurisdiction over Defendants exists.  Id at 1392.  However, Plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss."  Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

As for Defendants' argument that the Court lacks personal jurisdiction over Defendant Kaur, the Court resolved this issue in its March 6, 2015 Order.  In that Order, the Court found as follows: "Despite the fact that Defendant Kaur did not speak with Plaintiff and did not travel to California, her status as a joint buyer of a California vehicle from a California seller – in a transfer that was initiated in California – constitutes a purposeful availment of the forum of California."  Order at 6.

The allegations relied upon by the Court in its prior ruling remain unchanged in the FAC, and the Court has no reason to reconsider its ruling.  See Order at 5; FAC ¶¶ 6, 7. Accordingly, Defendants' motion to dismiss Plaintiff's claims against Defendant Kaur for lack of personal jurisdiction is DENIED.

   With regard to Defendant Pan-Am, the Court previously granted Defendants' motion to dismiss, noting that "Plaintiff fail[ed] to allege that Defendant Pan-Am, through an authorized agent, played any role in the transfer of the vehicle."  Order at 6.  In the FAC, Plaintiff now alleges that Pooni, in communicating with Singh, "represented himself as an authorized agent of the corporation [Defendant Pan-Am] with authority to act on its behalf and bind the corporation to contracts, including shipping and transport agreements with respect to the purchase and sale of vehicles."  FAC ¶ 5.  Plaintiff further alleges that Singh and Pooni agreed that "Pooni would cause the transport of the vehicle to its new owner to occur through Pan-Am[.]"  FAC ¶ 5.  Provided that these allegations are properly before the Court (discussed below), Plaintiff has adequately alleged that Pan-Am – through its authorized agent, Pooni – purposely availed itself of the benefits of doing business in California.

   Defendants argue that the Court must disregard these new allegations, as they are "critical contradictions, not additions of new facts, which go to the heart of the Court's ruling on the prior motion to dismiss."  Mot. at 5.  Defendants' argument is undermined by the Ninth Circuit's ruling in PAE Government Services, Inc. v. MPRI, Inc., 514 F.3d 856 (9th Cir. 2007).  (To

their credit, Defendants do bring this case to the Court's attention.  Mot. at 4.)  In PAE Government Services, the Ninth Circuit held that the district court had erred by striking "sham" allegations in an amended complaint, when the new allegations "contradicted . . . earlier allegations [the plaintiff] made in its original complaint."  PAE Gov't Services, 514 F.3d at 858.  The Ninth Circuit noted that, at the time a complaint is filed, "parties are often uncertain about the facts and the law; and yet, prompt filing is encouraged and often required[.]"  Id. at 858.  Ultimately, the Ninth Circuit concluded as follows:

> The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations.  Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading.

Id. at 860.

Accordingly, the Court need not determine whether the allegations in the FAC contradict those in the original complaint.  Absent a motion brought under Rule 11, the Court cannot strike Plaintiff's allegedly inconsistent allegations.  Defendants' reliance on authority which predates 2007 is unavailing in light of the Ninth Circuit's clear guidance in PAE Government Services.  See Mot. at 4.  The Court can – and must – take Plaintiff's new allegations as true, and these allegations cure the defect as to the Court's personal jurisdiction over Defendant Pan-Am.

   Briefly, the Court notes that Defendants' argument with regard to the alter ego doctrine is misplaced.  Defendants maintain that "no facts exist to support a finding that . . . the

8

1  corporate form should be disregarded." Mot. at 7.  Although not
2  entirely clear, Defendants' argument appears to be as follows:
3  Plaintiff failed to allege that Pooni "disregarded the corporate
4  form" by undercapitalizing Pan-Am or mixing personal and
5  corporate funds, and, therefore, Plaintiff cannot rely on the
6  "alter ego doctrine" to establish jurisdiction over Defendant
7  Pan-Am. Mot. at 8.  This argument misunderstands the alter ego
8  doctrine.  Generally speaking, the alter ego doctrine is invoked
9  to hold an individual shareholder personally liable on behalf of
10 a corporation.  However, in the jurisdictional context, the Ninth
11 Circuit has held that, where the alter ego doctrine applies,
12 personal jurisdiction over a corporation may also confer personal
13 jurisdiction over an individual shareholder of that corporation.
14 See Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir.
15 1984) (noting that "where a corporation is the alter ego of the
16 stockholders so as to justify disregard of the corporate entity,
17 jurisdiction over the corporation will support jurisdiction over
18 the stockholders").  Of course, in the present case, Plaintiff is
19 not arguing that jurisdiction over the corporation (Pan-Am)
20 confers jurisdiction over the individual shareholder (Pooni),
21 which would not otherwise exist.  Rather, the Court's personal
22 jurisdiction over Defendant Pooni is not in dispute (following
23 the Court's previous Order), and Defendants challenge the Court's
24 personal jurisdiction over Pan-Am, the corporate defendant.  In
25 other words, Defendants have it backwards.  In light of the
26 foregoing analysis, and the fact that Plaintiff has plainly
27 alleged Defendant Pan-Am's direct involvement in the fraudulent
28 sale of the Hummer, the alter ego doctrine is not relevant to the

Court's personal jurisdiction inquiry.

For all of the above reasons, Defendants' motion to dismiss Plaintiff's claims against Defendant Pan-Am, for lack of personal jurisdiction, is DENIED.

### 2. Subject Matter Jurisdiction

Defendants next argue that the Court lacks subject matter jurisdiction over this action because Plaintiff failed to specifically allege the state of incorporation and principal place of business of Defendant Pan-Am.[2] As noted, in the Court's July 6, 2015 minute order, the Ninth Circuit has held that "a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties." Doc. #34 (citing Harris v. Rand, 682 F.3d 846, 850 (9th Cir. 2012)).

In response to the Court's order to show cause, Plaintiff submitted three documents, purporting to show that Defendant Pan-Am's state of incorporation and principal place of business is Kansas. The documents submitted by Plaintiff are as follows: (1) a "Business Entity Search" from the Kansas Secretary of State website, noting that Pan-Am Transport, Inc. was incorporated in Kansas and listing a Kansas mailing address; (2) the "2013 For-Profit Corporation Annual Report" for Pan-Am Transport, Inc.,

---

[2] In the introduction of their brief in support of the motion to dismiss, Defendants also indicate that they will argue that "[d]ismissal is appropriate because the Court lacks jurisdiction over the subject matter of the dispute, a vehicle whose fair market value is far less than $75,000[.]" Mot. at 2. However, Defendants do not further argue this point in their opening or reply brief. Regardless, the Court previously rejected this argument in its March 6, 2015 Order. Order at 7-9.

listing a Kansas address for the "principal office address;" and (3) the "For-Profit Articles of Incorporation" for Pan-Am Transport, Inc., listing a Kansas address for the "registered office." Doc. #40. Based on these documents – as well as allegations in the FAC that Pan-Am is "a Kansas corporation" with "Shawnee headquarters" - the Court finds that Plaintiff has satisfied his burden of showing, by a preponderance of the evidence, that Kansas is both the state of incorporation and home of the principal place of business of Defendant Pan-Am. FAC ¶¶ 1, 8; Bashir v. Boeing Co., 245 F. App'x 574, 575 (9th Cir. 2007). As Plaintiff is a citizen of California, and the remaining individual Defendants are citizens of Kansas, complete diversity among the parties exists and the Court has jurisdiction under 28 U.S.C. §1332(a). Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction is DENIED.

### 3. Failure to State a Claim

Defendants argue that Plaintiff's fourth cause of action for violation of the UCL must be dismissed for failure to state a claim. Mot. at 9. Specifically, Defendants argue that, because the UCL claim is based in fraud, it must meet the heightened pleading standard of Rule 9(b). Mot. at 10. Defendants contend that Plaintiff's FAC does not meet this heightened pleading standard with regard to both Defendant Pooni and Defendant Kaur. Plaintiff responds that the Court has already rejected this argument with regard to Defendant Pooni, and argues that its amended pleading alleges the particulars of Defendant Kaur's role in the fraud. Opp. at 8.

Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud set forth the "who, what, when, where, and how" of the alleged misconduct. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). This heightened pleading standard does not only apply to claims for which fraud is an essential element. Id. at 1103. Rather, when a plaintiff "allege[s] a unified course of fraudulent conduct," that claim "is said to be grounded in fraud or to sound in fraud, and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." Id. at 1103-04. Generally, "a complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes . . . is insufficient." Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990).

As the Court concluded in its March 6, 2015 Order, Plaintiff's fourth cause of action "sounds in fraud." Vess, 317 F.3d at 1106. The essential allegation, which remains unchanged in the FAC, is that "Defendants, and each of them, engaged in the unfair and deceptive business practice of holding themselves out as brokers of luxury and exotic vehicles, when in reality their intention was to co[n]vert the vehicles to their own uses. These actions are at the same time unlawful, unfair, and deceptive." FAC ¶ 22. As Plaintiff has alleged a "unified course of fraudulent conduct," the heightened pleading standard of Rule 9(b) applies and Plaintiff must sufficiently allege the "who, what, when, where, and how" for each Defendant. Vess, 317 F.3d at 1106.

In its prior Order, the Court rejected Defendants' argument that Plaintiff had failed to allege Defendant Pooni's fraudulent

12

conduct with adequate specificity.  Order at 10-11.  As the allegations of Defendant Pooni's fraudulent conduct have remained substantially the same, the Court has no reason to reconsider its previous ruling.  FAC ¶¶ 5-6.  Moreover, in light of Plaintiff's amended allegations that Defendant Pooni "represented himself as an authorized agent" of Defendant Pan-Am, and used "words to the effect that he was 'President of Pan-Am,'" his allegedly fraudulent conduct can also be attributed to Defendant Pan-Am.  FAC ¶¶ 5, 8.  Accordingly, Plaintiff has alleged with sufficient particularity the fraudulent conduct of Defendant Pan-Am.

In its prior Order, the Court dismissed Plaintiff's UCL claim against Defendant Kaur, concluding that, "[i]n the absence of specific allegations as to the fraudulent statements or misrepresentations made by Defendant Kaur, and the circumstances surrounding those statements, Plaintiff has failed to adequately allege his UCL claim against this defendant."  Order at 11-12.  However, the Court granted Plaintiff leave to amend his complaint, which he has done.  As amended, Plaintiff's FAC alleges with adequate specificity the fraudulent conduct of Defendant Kaur.  Plaintiff now alleges that "Kaur told Kansas vehicle registration authorities that she had purchased the vehicle, that she had paid cash, and that she was the rightful and lawful titled owner of the vehicle," despite the fact that "no cash ever changed hands."  FAC ¶ 7.  Plaintiff further alleges that these misrepresentations were "made on or about the days following when Pooni took possession of the vehicle from Singh, and made to Kansas vehicle registration authorities in the State of Kansas."  FAC ¶ 7.  These allegations describe the "who"

(Defendant Kaur), the "what" (that she had lawfully purchased the vehicle), the "when" (June 2014, when Defendant Pooni took possession of the vehicle), and the "where" (in Kansas).

For all of these reasons, Defendants' motion to dismiss Plaintiff's fourth cause of action is DENIED, as Plaintiff has alleged with sufficient particularity his UCL claim against each defendant.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss. Defendants shall file their Answer to the FAC within twenty days of this Order.

IT IS SO ORDERED.

Dated: July 27, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE