UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUTA SINGH,<br><br>        Plaintiff,<br><br>   v.<br><br>HARMINDER S. POONI, RAVINDER KAUR, and PAN-AM TRANSPORT, INC., a KANSAS CORPORATION,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | No.  2:14-cv-02146-JAM-DB<br><br>**ORDER GRANTING IN PART & DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & COSTS** |

    Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs.  Having reviewed the parties' briefs, and for the reasons explained below, the Court awards Plaintiff $31,037.50 in attorneys' fees, but denies his request for costs.[1]

///

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 21, 2017.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case involves a dispute between Plaintiff Buta Singh and Defendant Harminder S. Pooni over a 2005 Hummer H2 with a right-hand drive conversion. Plaintiff brought five state claims against Defendant[2] Pooni: (1) unlawful conversion; (2) theft by false pretenses; (3) breach of contract; (4) unfair business practices; and (5) claim and delivery. First Am. Compl. ("FAC"), ECF No. 29, at 4—8. Defendant counterclaimed, suing Plaintiff for (1) breach of contract, (2) fraud, and (3) breach of the implied covenant of good faith and fair dealing. Countercl., ECF No. 44, at 7—10.

A jury returned verdicts for Plaintiff on his first, second, and third claims. ECF No. 110. As for Defendant's counterclaims, the jury again returned a verdict for Plaintiff. ECF No. 111.

Following the publication of the jury verdicts, this Court returned verdicts for Plaintiff on his fourth and fifth claims and ordered post-trial briefing on remedies. ECF No. 108. Plaintiff filed his brief, albeit weeks late. Suppl. Br., ECF No. 116. Defendant did not file a responsive brief.

Plaintiff also moves for attorneys' fees and costs, see ECF No. 112, but Defendant opposes. ECF No. 115. Plaintiff did not file a reply.

///

---

[2] Originally, Singh sued two other defendants: Ravinder Kaur and Pan-Am Transport, Inc. See First Am. Compl., ECF No. 29, at 1. At trial, this Court found for these defendants under Fed. R. Civ. P. 50(a), concluding as a matter of law Singh could not prevail against them, leaving Harminder S. Pooni the only remaining defendant.

2

II.   OPINION

A.   Attorneys' Fees

1.   Lodestar Method

When evaluating requests for attorneys' fees, the court begins by calculating the lodestar amount, which involves multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A court should exclude from this initial calculation any "excessive, redundant, or otherwise unnecessary" hours expended. See id. at 434.

But the following Kerr factors may compel a court to adjust the lodestar amount:

> (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992). These Kerr factors, however, are often subsumed within the lodestar amount, so courts must ensure they account for any potential overlap. See Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

The party seeking fees should provide documentary evidence showing "the number of hours spent, and how it determined the hourly rate(s) requested." McCown v. City of Fontana, 565 F.3d

3

1097, 1102 (9th Cir. 2008). Then the opposing party must submit specific rebuttal evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by" the moving party. Gates v. Gomez, 60 F.3d 525, 534-35 (9th Cir. 1995).

      2.   Analysis

Plaintiff requests $31,037.50 in attorneys' fees. See Mot. at 3. It is undisputed Singh is entitled to fees for prevailing at trial. See Cal. Penal Code § 496(c) ("Any person who has been injured . . . may bring an action for . . . costs of suit, and reasonable attorney's fees."). Yet Pooni opposes this motion based on several alleged procedural defects. See generally Opp'n. To support his requested fees, Plaintiff submits two declarations and a billing sheet. See Bolanos Decl., ECF No. 112-2; Dudensing Decl., ECF No. 112-3; Ex. 1, ECF No. 112-4. Although these records are not of the quality and detail normally expected by this Court, they are minimally sufficient for this Court to assess whether the amount requested is reasonable.

      a.   Hourly Rate

To determine the reasonableness of the hourly rates requested, a court looks to the prevailing market rates in the relevant community for "similar work performed by attorneys of comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 (1984); Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210—11 (9th Cir. 1986).

Plaintiff's counsel each requests a $250 hourly rate. See Bolanos Decl. at 2; See Dudensing Decl. at 1. Jan Dudensing was

1  admitted to the California State Bar in 2011.  Janice Dianne
2  Dudensing, The State Bar of California,
3  http://members.calbar.ca.gov/fal/Member/Detail/279561.  She
4  founded her own firm, specializing in foreclosure law, personal
5  injury, and elder abuse.  Areas of Practice, Dudensing Kim,
6  http://dudensingkimlaw.com/practices/.  The prevailing rate in
7  Sacramento for mid-level associates ranges from $200 to $300.
8  See Chapman v. Pier 1 Imports (U.S.), Inc., No. 04-1339, 2017 WL
9  999253, at *3 (E.D. Cal. Mar. 15, 2017) (accepting $200 hourly
10 award for associates after recognizing $250-$300 as the
11 "prevailing Sacramento rate"); Cosby v. Autozone, Inc., No. 08-
12 505, 2016 WL 1626997, at *8 (E.D. Cal. Apr. 25, 2016) (finding
13 $300 rate reasonable for fifth-year associate).  The Court
14 therefore finds Ms. Dudensing's $250 hourly rate reasonable
15 because it falls well within Sacramento's prevailing rate for
16 attorneys with mid-level experience.

17     The Court also accepts Aldon Bolanos's requested $250
18 hourly rate.  Mr. Bolanos was admitted to the California State
19 Bar in 2004.  Aldon Louis Bolanos, The State Bar of California,
20 http://members.calbar.ca.gov/fal/Member/Detail/233915.  He also
21 manages his own firm, garnering experience in several practice
22 areas.  Aldon Bolanos, http://www.aldonlaw.com/ (listing
23 "business, real estate, civil rights, employment and
24 catastrophic injury law").  Mr. Bolanos's requested $250 hourly
25 rate falls well below Sacramento's prevailing rate for
26 experienced attorneys.  See Estrada v. iYogi, Inc., No. 13-1989,
27 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016) (approving $400
28 requested rate for partners with as much as 19 years of

experience); Trulsson v. Cty. of San Joaquin Dist. Attorneys' Office, No. 11-2986, 2014 WL 5472787, at *6 (E.D. Cal. Oct. 28, 2014) (accepting $450 hourly rate for experienced attorney).

b. Hours Expended

Plaintiff contends spending 124.15 hours on this case was reasonable. See Dudensing Decl. ¶ 3; Ex. 1 at 5. Defendant disagrees primarily on several procedural grounds. See generally Opp'n (discussing federal and local rules).

(i) Mr. Bolanos

Mr. Bolanos spent 85.70 hours on this case. Ex. 1 at 5. He worked on the matter for three years, from its inception until just before the pre-trial conference. See Bolanos Decl. ¶ 2. His corresponding billing statement sufficiently explains the work performed, when he performed it, and for how long. See generally Ex. 1. The Court finds the hours Mr. Bolanos expended reasonable because nothing in his statement shows any hour expended was "excessive, redundant, or otherwise unnecessary." See Hensley, 461 U.S. at 434.

Defendant's objections do not change this conclusion. He argues Plaintiff has not identified the statutory basis for attorneys' fees, see Opp'n at 3, but Plaintiff has. See Mot. at 2 (citing Cal. Penal Code § 496(c)). Defendant also contends Plaintiff failed to provide the specific basis on which he claims to be the prevailing party. See Opp'n at 4. Yet it is quite clear Plaintiff prevailed against Defendant Pooni at trial. In short, the Court finds the time Mr. Bolanos spent on this case was reasonable.

///

(ii) Ms. Dudensing

Ms. Dudensing spent 38.45 hours on this case. Dudensing Decl. ¶ 3. She handled it from the pre-trial conference through trial. Id. Defendant contends that Ms. Dudensing's time cannot be verified because she did not attach a billing sheet to her declaration. See Opp'n at 5. The Court disagrees. The Court witnessed Ms. Dudensing litigate this case, and an award of her attorney's fees is certainly deserved given her successful performance at trial. In sum, Ms. Dudensing's 38.45 hours are reasonable.

c. Lodestar Amount

There is a strong presumption that the lodestar amount is the reasonable fee. See United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 406 (9th Cir. 1990). The Court therefore awards the following in attorneys' fees:

| | | | | | |
|---|---|---|---|---|---|
| Aldon Bolanos | 85.70 | x | $250 | = | $21,425.00 |
| Jan Dudensing | 38.45 | x | $250 | = | $ 9,612.50 |
| | | | | | $31,037.50 |

B. Costs

Plaintiff also requests $1,729.40 in costs. Mot. at 3. Defendant argues Plaintiff improperly seeks costs because neither declaration references any costs incurred and because Plaintiff did provide an itemized bill. See Opp'n at 5. The Court agrees with Defendant. The local rule plainly states the party must "file a bill of costs . . . ." E.D. Cal. L.R. 292(b). Because Plaintiff did not do so, the Court denies his request for costs.

///

7

C. <u>Remedies</u>

After trial, the Court ordered the parties to file supplemental briefing on remedies. Plaintiff's brief enumerates the appropriate remedies. <u>See generally</u> ECF No. 116. Defendant did not file a supplemental brief.

At the outset, Plaintiff requests $51,552.00 in money damages. Suppl. Br. at 2. Yet the jury awarded him only $47,664.00 in money damages. ECF No. 110 ($5,000 for unlawful conversion claim; $26,664 for theft by false pretenses claim; and $16,000 for breach of contract claim). Because Plaintiff does not explain why he believes he is entitled to more money than the jury awarded him, the Court denies his excessive request and confirms the jury award of $47,664.00 in money damages.

Plaintiff also requests punitive damages for his conversion claim. Suppl. Br. at 2. This fails for two reasons. First, Plaintiff's request is improper because he never asked for punitive damages in his FAC. <u>See FAC</u> at 9. <u>See also GBTI, Inc. v. Ins. Co. of Pennsylvania</u>, No. 09-1173, 2009 WL 2365409, at *6 (E.D. Cal. July 29, 2009) ("Punitive damages are 'available to a party who can plead and prove the facts and circumstances set forth in Civil Code section 3294.'") (internal citation omitted). Second, under California law, a court may award punitive damages "in noncontract actions 'where it is proven by clear and convincing evidence that the defendant has been guilty of oppression . . . or malice' . . . ." <u>See Lackner v. North</u>, 135 Cal. App. 4th 1188, 1210 (2006) (citing Cal. Civ. Code section 3294(a)). Yet, here, at its core, this dispute involved

8

1  a contract breach.  The Court therefore will not award punitive
2  damages and need not include a non-dischargeability provision.
3  See Suppl. Br. at 2 (arguing that a court order granting
4  punitive damages for a conversion claim "must include a
5  provision related to non-dischargeability").

6  Additionally, Plaintiff requests statutory attorneys' fees
7  and costs for his theft by false pretenses claim.  Id.  Because
8  the Court has awarded attorneys' fees, the Court will not award
9  additional fees because that would be duplicative.  And, for the
10 reasons explained above, the Court denies Plaintiff's request
11 for costs.

12 As to his unfair business practices claim, Plaintiff
13 requests an injunction, restitution, attorneys' fees, and costs.
14 Id.  Again, the Court will not award more fees and denies
15 Plaintiff's requests for costs.  As far as restitution is
16 concerned, that too would be duplicative and is therefore
17 denied.

18 Lastly, as to Plaintiff's claim and delivery claim, the
19 Court declares that Plaintiff is the rightful owner of the
20 contested 2005 Hummer H2 and may retain possession of this
21 vehicle.

22                          III.   ORDER

23 For the reasons set forth above, the Court GRANTS in part
24 and DENIES in part Plaintiff's Motion for Attorneys' Fees and
25 Costs.  The Court awards Plaintiff $31,037.50 in attorneys' fees,
26 but denies Plaintiff's request for costs.  As far as the final
27 judgment is concerned, the Court awards Plaintiff $47,664.00 in
28 monetary damages and declares that Plaintiff is the rightful

owner of this 2005 Hummer H2.  Plaintiff is ordered to submit a proper form of final judgment consistent with this Order within ten days.

    IT IS SO ORDERED.

Dated: April 5, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE